UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

BRENDA GORDON TORIAN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, Brenda Gordon Torian, sues Defendant, Carnival Corporation, and alleges:

**A. Case Summary**

1.    This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line as a result of an injury caused by overcrowding.

**B. Basis for Jurisdiction and Venue**

2.    This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a)    The Plaintiff is a citizen of New Jersey.

    (b)    the Defendant is a citizen of the Republic of Panama and the state of Florida, as it is a corporation incorporated under the laws of Panama and its principal place of business is in Florida; and

    (c)    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**C. Rule 9(h)(1) Designation: Diversity Jurisdiction**

3. In addition to falling within the court's diversity jurisdiction, this case also falls within the court's admiralty/maritime jurisdiction and is governed by the general maritime law because the accident happened on a ship sailing in navigable waters and because the ship was engaged in an activity (pleasure cruising) bearing a substantial relationship to traditional maritime activity. Nevertheless, the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (And although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.)

### D.  Venue

4. The Plaintiff has filed this case here because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida. (The Plaintiff only reluctantly brings this case in federal court: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. § 1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

### E.  Negligence:  Overcrowding Hazard in Casino

5. The Defendant, Carnival Corporation, owns and operates a cruise ship, the *Carnival Legend,* that sailed from Baltimore, Maryland, on a 14-night cruise to the Southern Caribbean on November 5, 2023.

6. The Plaintiff, Brenda Gordon Torian, then age 61, and her husband, were fare-paying passengers on that cruise.

7. On or about November 14, 2023, while the *Legend* sailed in navigable waters, Ms. Torian was sitting at a slot machine in the ship's casino.

8. The area around the slot machines was too small and congested for passengers with electric scooters to maneuver those scooters safely, but the crewmember assigned to monitor that area nevertheless allowed several scooters to crowd into that area, causing an unsafe level of congestion.

9. A passenger on an electric scooter tried to steer her scooter out of the congestion but failed, and crashed into another scooter, knocking that scooter into the Plaintiff, and injuring the Plaintiff.

10. While Ms. Torian was a passenger on Carnival's ship, Carnival's crewmembers owed her a duty of reasonable care.

11. The crewmember assigned to monitor the area around the slot machines breached that duty of care by allowing that area to become overcrowded with passengers on electric scooters, which presented a hazard for all passengers in that part of the casino.

12. That breach caused the collision that injured the Plaintiff.

13. At that time and place, the employee charged with monitoring the slot-machine area in the casino was acting within the course and scope of his employment with Carnival, so Carnival is liable for his negligence under the respondeat-superior doctrine.

14. When Ms. Torian was struck by the scooter, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

15. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000.00 in damages and costs.

### F. Request for Jury Trial

The Plaintiff respectfully demands a jury trial.

Dated: November 13, 2024

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
ndorvak@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Brenda Gordon Torian