UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24472-GAYLES

BRENDA GORDON TORIAN,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### BACKGROUND[1]

Plaintiff Brenda Gordon Torian ("Plaintiff") brings this action against Defendant Carnival Corporation ("Defendant") for injuries she sustained while a passenger on the *Legend*, one of Defendant's vessels. On November 14, 2023, Plaintiff visited the *Legend's* casino. While Plaintiff was seated at a slot machine, another passenger, Ms. Queen, "zipp[ed]" past her on an electric scooter at a high rate of speed. [ECF No. 15 ¶ 7]. The back wheel of Ms. Queen's scooter caught on a parked scooter and lighting cords, causing the parked scooter and a light fixture to fall on Plaintiff. Plaintiff alleges that Ms. Queen consumed many alcoholic beverages before the incident,

---

[1] In analyzing the Motion, the Court accepts the allegations in Plaintiff's Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

1

yet the cruise staff continued serving her alcohol and allowed her to drive her electric scooter around the ship.

Plaintiff filed her Amended Complaint on January 2, 2025, alleging claims against Defendant for negligent overcrowding and hazardous condition/direct liability (Count I), negligent failure to monitor/vicarious liability (Count II), and negligent overserving of alcohol (Count III). [ECF No. 15]. Defendant now moves to dismiss, arguing Plaintiff fails to adequately allege notice for its direct liability claims or properly allege a vicarious liability claim.

## DISCUSSION

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

### A. Direct Negligence Claims

To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.*

"Actual notice exists when the defendant knows of the risk creating condition" *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

#### 1. Count I

In Count I, Plaintiff alleges that the casino layout, particularly around the slot machines, was too narrow to accommodate multiple scooters and that the congestion in the casino caused her injuries. Plaintiff contends that Defendant knew or should have known about these issues because, prior to the incident, (1) there were congested conditions in the slot machine area on multiple

occasions and (2) Defendant observed or received complaints about scooters blocking passageways or driving too quickly in congested areas.

Although these allegations are largely conclusory, the Court finds that Plaintiff adequately alleges that Defendant had actual or constructive notice of the risk-creating conditions that caused her injuries. In particular, Plaintiff's allegations that Defendant observed or received complaints about scooters blocking passageways or speeding through congested areas are enough, at this stage of the litigation, to show that Defendant had notice of problems with overcrowding in the casino. Accordingly, the Motion is denied with respect to Count I.

### 2. Count III

In Count III, Plaintiff alleges that Defendant's crewmembers continued to serve Ms. Queen alcohol despite her being visibly intoxicated and allowed her to operate her scooter at a high speed in the casino. Plaintiff provides no details about the number of drinks sold to Ms. Queen, how the Defendant knew she was intoxicated, or how Defendant knew Ms. Queen was driving a scooter. Importantly, Plaintiff does not even allege that she saw Ms. Queen intoxicated or consuming alcohol. As a result, Count III shall be dismissed without prejudice.

### B. Vicarious Liability

In Count II, Plaintiff alleges Defendant is vicariously liable for its crewmembers' actions or failure to act including (1) failing to intervene in or control the area when they saw Ms. Queen driving her scooter at a high rate of speed, (2) allowing the lighting cords to be tangled, (3) failing to secure the lighting cords, and (4) failing to warn or redirect Ms. Queen to operate her scooter elsewhere. Defendant argues that Plaintiff fails to sufficiently plead a claim for vicarious liability. The Court agrees.

"[A] shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability. When the tortfeasor is an employee, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of [that] employee acting within the scope of employment." *Holland*, 50 F.4th at 1094 (internal quotation omitted). Here, Plaintiff fails to identify "any specific crewmember whose negligence caused [her] injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment—essential parts of any claim seeking to impose vicarious liability on an employer for an employee's negligence." *Id.* Indeed, "there is nothing in [Plaintiff's] complaint that would lead one to understand [her] claims as seeking to impose liability on an otherwise nonfaulty [Defendant] for an employee's negligence." *Id.* Accordingly, Count II shall be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, [ECF No. 18], is **GRANTED in part and DENIED in part**.

2. The Motion is DENIED as to Count I of Plaintiff's Amended Complaint, [ECF No.15]. Counts II and III are **DISMISSED without prejudice**. Plaintiff may move for leave to file a second amended complaint within seven (7) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of August, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE